[No. 29963. Department One. May 23, 1946.]

THE STATE OF WASHINGTON, *on the Relation of Lloyd Shorett et al., as the Election Board of King County, Plaintiff,* v. BELLE REEVES, *as Secretary of State, Respondent.*[1]

*Lloyd Shorett* and *Solie M. Ringold,* for relators.

*The Attorney General* and *Smithmoore P. Myers, Assistant,* for respondent.

*A. C. Van Soelen* and *J. Ambler Newton, amici curiae.*

MILLARD, J.—Respondent, as a member of the state canvassing board, is required, among other things, to supervise and direct all election officials in the primary elections. In the exercise of her duties, respondent is preparing a map

[1]Reported in 169 P. (2d) 704.

showing the boundaries of all of the congressional districts within the state of Washington. On that map, the first congressional district in this state is indicated as including only Kitsap county and the city of Seattle, limited by its boundaries as of 1931.

Relators have filed a petition in this court for a writ of mandate to compel respondent, secretary of state, to include within the first congressional district all the area within the present boundaries of the city of Seattle.

Art. XXVII, § 13, of the state constitution provides that:

"When a new apportionment shall be made by congress, the legislature shall divide the state into congressional districts, in accordance with such apportionment. . . ."

Pursuant to the foregoing constitutional provision, the legislature redistricted and reapportioned the state into six congressional districts. The pertinent portions of the statute read as follows:

"Section 1. That the city of Seattle and Kitsap county, shall constitute the first congressional district and shall be entitled to one representative in the Congress of the United States.

"Sec. 2. That the counties of Snohomish, Skagit, Whatcom, San Juan, Island, Clallam, Jefferson and the precincts of Avondale, Bothell No. 1, Bothell No. 2, Broadview, Foy, Greenwood, Haller Lake, Hollywood, Juanita, Kenmore, Lake City, Lake Forest, Maple Leaf, Meadow Point, Morningside, North Park, North Trunk, Oak Lake, Ravenna, Richmond, Woodinville and Woodland in the county of King shall constitute the second congressional district and shall be entitled to one representative in the Congress of the United States.

"Sec. 4. That the counties of Klickitat, Yakima, Benton, Kittitas, Whitman, Grant, Adams, Franklin, Walla Walla, Columbia, Garfield and Asotin, shall constitute the fourth congressional district, and shall be entitled to one representative in the Congress of the United States.

"Sec. 5. That the counties of Ferry, Stevens, Lincoln, Spokane, Chelan, Okanogan, Douglas and Pend Oreille, shall constitute the fifth congressional district and shall be entitled to one representative in the Congress of the United States.

"Sec. 6. That the county of Pierce, and that portion of

King county outside of the corporate limits of the city of Seattle, excepting the precincts included above in the second congressional district, shall constitute the sixth congressional district and shall be entitled to one representative in the Congress of the United States." Laws of 1931, chapter 28, p. 95 (Rem. Rev. Stat., §§ 3792, 3793, 3795, 3796, 3796-1 [P.P.C. §§ 435-1, 435-3, 435-7, 435-9, 435-11]).

Relators contend that, as certain parts of specific precincts mentioned in § 2 of chapter 28, Laws of 1931, and other precincts outside the corporate limits of the city of Seattle were annexed to the city of Seattle subsequent to enactment of chapter 28, Laws of 1931, the boundaries of the first congressional district were thereby changed so as to include the territory annexed to the city of Seattle.

■ In readjusting the boundaries of congressional districts, the legislature acts pursuant to § 13 of Art. XXVII of the state constitution quoted above. The constitution conferred upon the legislature the right to divide the state into congressional districts, which right is vested solely in the legislature and cannot be delegated to or exercised by any other body. The power is not granted to any body other than the legislature to directly or indirectly alter the boundaries of congressional districts. Manifestly, the legislature intended by the 1931 enactment that the territory embracing the six congressional districts should not be changed by reason of the expansion or contraction of the boundaries of the counties, cities, or precincts. The congressional districts must continue to embrace the same territory until changed by the power—the legislature—which created them.

We find no authority for the contention of relators that the legislature intended that the change of precinct or city lines should affect the congressional districts. Notwithstanding the change in the precinct and city boundaries since the 1931 enactment, the congressional districts must remain as intended by the plain language of the constitution as created by the legislature until changed by the legislature.

Chapter 28, Laws of 1931, provides that certain counties shall constitute certain congressional districts. If a new

county were created from parts of certain counties within certain congressional districts, the district would shrink, if we accepted relators' theory, and the newly formed county would not be in any congressional district, in view of the fact that it is not specifically named in the statute. Clearly, the legislature never intended by the 1931 enactment to bring about such an absurd result. The formation of a new county would not change the boundaries of the congresssional district.

If the annexation of territory to Seattle expands the first congressional district, a contraction of the boundaries of Seattle would of course contract the boundaries of the first congressional district. If the northern part of Seattle shrank, the territory placed outside the city of Seattle could not become a part of the second congressional district, inasmuch as it is not one of the named precincts in § 2 of chapter 28, Laws of 1931. If we followed the theory of relators, that territory would become a part of the sixth congressional district, although it is not contiguous or related territory. The legislature never intended that result.

The writ is denied.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.